CASE 25—PETITION EQUITY—SEPTEMBER 23.

# Sims vs. Spalding.

APPEAL FROM WASHINGTON CIRCUIT COURT.

The creditors of an insolvent husband cannot, in equity, subject to the payment of their debts land purchased by the husband in his own name, and paid for by a credit on the wife's distributable share of her father's estate, until after an equitable settlement on her.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

T. J. McIlroy, having purchased a tract of land at a decretal sale of it for distribution among the appellant and other children of its deceased owner, *Robt. Edelin*, sold about 93 acres of it to the appellant's husband, who paid for a large portion of it by a credit of her distributive portion of the amount bid for the entire tract.

Before the husband acquired the legal title, Spalding and others, as his creditors, attached, among other things, his interest in this land; and she, being made a party, petitioned for a settlement out of her patrimony, which he was, against her will, attempting to invest in land in his own name and for his own use. But the circuit court dismissed her petition; and, by this appeal, she seeks a reversal of that judgment.

As the conversion of her chose in action is still *in transitu*, and her insolvent husband's initial investment of it has not been perfected by a legal title, the appellees, standing as he stands as to the title, cannot perfect it and subject his interest to their debts *without the aid of a court of equity*.

In this equitable attitude of the rights of husband and wife, it seems to us that a just and consistent application of well-established principles of equity forbids a coercive conveyance to the husband, without a proper settlement on the wife, to the whole or a reasonable extent of her property, which bought all the beneficial interest he has in the land, and without any evidence of her consent to the transmutation. This is justice. And the husband, and, of course, his credit-

ors, must be just before they can demand justice from a court of conscience.

° Wherefore, the judgment dismissing the appellant's petition is reversed, and the cause remanded with instructions to ascertain how much of her distributable portion has been used for obtaining a title to the 93 acres of land; and then, out of the proceeds of a sale of the land, to decree to her separate use the amount ascertained to have been so diverted.