CASE 35—PETITION EQUITY—JULY 5.

# Mallory vs. Mallory's adm'r.

### APPEAL FROM SCOTT CIRCUIT COURT.

1. The husband induced his wife to consent to sell and convey her land, in order that he might apply its proceeds to the purchase of another tract, by promising and agreeing with her that the latter should be conveyed to her. He died, holding a title bond for the land so purchased. *Held*—

2. That, as the legal title was not vested in the husband, the statute did not apply; but that a trust resulted in favor of the wife, and that she was entitled, even against creditors, to an absolute conveyance of the land so purchased, to the extent it was paid for by the proceeds of the sale of her land.

3. That, as the administrator of the husband's estate, representing the creditors, was compelled to resort to equity to subject the land to the payment of debts, a court of equity should see that justice was done the wife, and prevent the conversion of her land contrary to the stipulated understanding, under which the proceeds of the sale of her land were applied to its purchase. (*Simms vs. Spalding*, 2 *Duvall*, 121.)

W. S. DARNABY,     For Appellant,

CITED—

*Revised Statutes, sec. 22, 2 Stant.*, 230.

3 *Metcalfe*, 463 ; *Hocker vs. Gentry*.

4 *Metcalfe*, 59 ; *Ward vs. Crotty, &c.*

M. POLK,     For Appellee.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Mrs. Mary A. Mallory, having inherited from her deceased father some twenty-two acres of land, and her husband, Jacob Mallory, now deceased, desiring to pur-

chase an undivided interest in the Green tract of one hundred and ten acres, which he could not do without selling her land, to which she objected, it was agreed that the Green tract should be purchased, and the title conveyed to her; whereupon, she consented that her 'husband might sell her land. He made the purchase of the Green tract, and then sold her land on precisely the same time he had purchased on. When she and her husband were going to the appointed place to make her title, it is proved that she lagged behind, and was weeping; when, being overtaken by an acquaintance and relative, he inquired the cause of her distress, when she informed him that she had agreed that her husband might sell her land, and that he had done so, and she was then on her way to sign away her right, but that she did not wish to do so; had repented that she had ever agreed to it, and thought she would return and not do so.

This witness then overtook the husband and mentioned the unwillingness of the wife to part with her land, when they paused until the wife came up; when the husband said he had purchased the Green tract, but could not pay for it without selling her land, and would be loser by reason thereof, and again assured her the title of the Green tract should be made to her, so that it would be a home for her and her children; that she need not be afraid of losing her home through any misfortune that might overtake him, and gave her other assurances also; when she again said, with such understanding she would go on and relinquish her title, which she did.

The husband appropriated the proceeds of her land, directly or indirectly, to the payment of the Green tract, and only about a month before his death expressed the intention of soon having the deed from Green made to

his wife, in pursuance of their agreement; but was soon after taken sick, of which he died, never having obtained from Green the title.

There is no evidence showing that Mrs. Mallory knew that even the title bond was taken in her husband's name.

This case does not fall within section 20, chapter 80, 2 Stanton's Revised Statutes, 230, which is only applicable when the legal title is conveyed by deed to one person, the consideration being paid by another, and that, too, with the knowledge or consent of the party paying the consideration.

There was not only a resulting trust, as recognized by our equity jurisprudence, unmodified in this case by the statute, from the husband to the wife, but, as held by this court in *Simms vs. Spalding* (2 *Duvall*, 121), the creditors of the husband cannot have the land, purchased by the wife's means, subjected to their debts, when he has not obtained the legal title, and they are compelled to resort to equity to get it, without a proper settlement on the wife to a reasonable extent.

As the administrator, representing the creditors of the deceased husband in this case, is compelled to resort to the chancellor to subject the land to the payment of debts, so far as the personalty is insufficient, and to obtain the legal title, the court will see that justice is done the wife, and prevent the conversion of her land, contrary to the stipulated understanding with her husband, into other land, and vest the legal title in him or his heirs, or subject it to the payment of his debts in contravention of the trust.

Mrs. Mallory is then entitled to an absolute conveyance of the legal title of the Green tract of land, to the amount her land sold for, of some five hundred and seventy dollars, and then to be endowed in the re-

mainder of the Green tract also—in that part inherited by her deceased husband from his father, and also that purchased by him from his brother.

The judgment, not being in accordance with these views, is reversed, with directions for further proceedings consistent herewith.